IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STATE FARM FIRE AND CASUALTY
COMPANY, an Illinois
corporation,

        Plaintiff,

v.

BRANDON SAUER, an individual,
and CARSON STAHL, by and
through Guardian Ad Litem,
CRAIG STAHL,

        Defendants.

3:14-CV-01274-BR

OPINION AND ORDER

BRIAN C. HICKMAN
Gordon & Polscer, LLC
9755 S.W. Barnes Road
Suite 650
Portland, OR 97225
(503) 242-2922

        Attorneys for Plaintiff

RANDALL J. WOLFE
15573 S.W. Bangy Road
Suite 250
Lake Oswego, OR 97035
(503) 598-3500

        Attorney for Defendant Carson Stahl

1 - OPINION AND ORDER

**BRANDON SAUER**
15546 S.E. River Forest Drive
Milwaukie, OR 97267
(503) 481-8862

      Defendant, *Pro Se*

**BROWN, Judge.**

      This matter comes before the Court on Plaintiff's Motion
(#11) for Partial Summary Judgment.  The Court heard oral
argument on Plaintiff's Motion on February 5, 2015.  For the
reasons that follow, the Court **GRANTS** Plaintiffs' Motion.


**BACKGROUND**

      At some point Defendant Brandon Sauer entered into a Renters
Policy with Plaintiff State Farm Fire and Casualty Company
effective February 23, 2013, through August 15, 2014.

      On January 22, 2014, Defendant Carson Stahl filed an action
against Sauer and others in Multnomah County Circuit Court (the
underlying action) for negligence related to injuries Stahl
sustained on May 9, 2013.  The underlying action was transferred
to Clackamas County Circuit Court.  At some point after the
underlying action was transferred, Stahl filed a Second Amended
Complaint seeking an award of damages in excess of $500,000.

      On August 7, 2014, State Farm filed a Complaint for
Declaratory Relief in this Court in which State Farm seeks a
declaration that it does not have a duty to defend or to

2 - OPINION AND ORDER

indemnify Sauer in the underlying action.

On October 3, 2014, Plaintiff filed a Motion for Partial Summary Judgment on the issue of the duty to defend. Stahl filed a Response on November 19, 2014. On December 12, 2014, Sauer filed a Response in which he joined in the arguments made by Stahl in his Response. On January 2, 2015, Plaintiff filed a Reply. As noted, the Court heard oral argument on Plaintiff's Motion on February 5, 2015.

## DISCUSSION

Plaintiff State Farm asserts the business-pursuits exclusion in Sauer's insurance policy establishes Plaintiff does not have a duty to defend Sauer in the underlying action. Plaintiff seeks a declaration that it is not obligated to defend Sauer and, accordingly, requests the Court to issue an order permitting Plaintiff to withdraw from the defense of Sauer in the underlying action.

Defendants, in turn, assert the business-pursuits exclusion does not relieve Plaintiff from the obligation to defend Sauer in the underlying action.

## I.   Insurance Contract Interpretation.

Under Oregon law the construction of a contract is a question of law for the court. *Holloway v. Republic Indem. Co. of Am.*, 341 Or. 642, 649 (2006)(citing *Hoffman Const. Co. of*

3 - OPINION AND ORDER

*Alaska v. Fred S. James & Co. of Ore.*, 313 Or. 464, 470 (1992)).
The Court's task is to "ascertain the intention of the parties to
the insurance policy." *Id.* at 649-50 (citing Or. Rev. Stat.
§ 742.016).  The Court accomplishes this "based on the terms and
conditions of the insurance policy." *Id.*

   "If an insurance policy explicitly defines the phrase in
question, [the Court] appl[ies] that definition." *Id.* at 650.
*See also Joseph Educ. Ass'n v. Joseph Sch. Dist. No. 6*, 180 Or.
App. 461, 467 (2002).

> If the policy does not define the phrase in
> question, [the Court] resort[s] to various aids of
> interpretation to discern the parties' intended
> meaning.  Under that interpretive framework, we
> first consider whether the phrase in question has
> a plain meaning, *i.e.*, whether it is susceptible
> to only one plausible interpretation.  If the
> phrase in question has a plain meaning, we will
> apply that meaning and conduct no further
> analysis.  If the phrase in question has more than
> one plausible interpretation, we will proceed to
> the second interpretive aid.  That is, we examine
> the phrase in light of 'the particular context in
> which that [phrase] is used in the policy and the
> broader context of the policy as a whole.  If the
> ambiguity remains after the court has engaged in
> those analytical exercises, then any reasonable
> doubt as to the intended meaning of such [a]
> term[] will be resolved against the insurance
> company.  However,   . . . a term is ambiguous
> . . . only if two or more plausible inter-
> pretations of that term withstand scrutiny, *i.e.*,
> continue[] to be reasonable despite our resort to
> the interpretive aids outlined above.

*Id.*

   When "evaluating whether an insurer has a duty to defend[,]
the court looks only at the facts alleged in the complaint" and

the terms of the policy.  *Ledford v. Gutoski*, 319 Or. 397, 400
(1994).  *See also Nat'l Union Fire Ins. Co. of Pittsburgh v.
Starplex Corp.*, 220 Or. App. 560, 573 (2008)("[w]hether an
insurer has a duty to defend an action against its insured
depends on two documents:  the complaint and the insurance
policy.").

## II.  Insurance Policy Language.

Sauer's insurance policy with Plaintiff provides in
pertinent part:

> **COVERAGE L - PERSONAL LIABILITY (INCLUDING
> PROVISIONS POTENTIALLY RESTRICTING OR ABRIDGING
> THE RIGHTS OF THE INSURED)**
>
> If a claim is made or a suit is brought against an
> **insured** for damages because of **bodily injury** . . .
> to which this coverage applies, caused by an
> **occurrence**, we will:
>
> * * *
>
> 2.    provide a defense at our expense by
>        counsel of our choice.

Compl., Ex. 1 at 30 (emphasis in original).  The policy also
provides the following limitation of coverage:

> 1.    Coverage L and Coverage M do not apply to:
>
> * * *
>
> b.    **bodily injury** . . . arising out of
>        **business** pursuits of any **insured** or the
>        rental or holding for rental of any part
>        of any premises by any **insured**.

*Id.*  The policy defines business as "a trade, profession or

occupation.    This includes farming."    Compl., Ex. 1 at 18.

**III. Analysis.**

Stahl alleges two claims for relief in his second amended complaint in the underlying action:    negligence and negligence *per se*, both arising from injuries Stahl sustained. Specifically, Stahl alleges "[o]n . . . May 9, 2013, [Stahl] was at the Milwaukie Investment Property with his family, at [Sauer's] invitation, and *for [Sauer's] business purpose*, in that [Stahl's] family was a potential purchaser of the Milwaukie Investment Property" when Stahl was injured.    Compl., Ex. 2 at ¶ 7 (emphasis added).    Stahl also alleges in his second amended complaint that "[a]t all material times [he] had the legal status of an invitee."    Compl., Ex. 2 at ¶ 7.

For purposes of this Motion, the parties do not dispute Stahl suffered "bodily injury" as that term is defined in the insurance policy.    Based on the allegation in ¶ 7 of Stahl's second amended complaint, however, Plaintiff contends the business-pursuits exclusion applies and establishes Plaintiff does not have a duty to defend Sauer in the underlying action.

Defendants do not contest Plaintiff's assertion as to the content of ¶ 7 of Stahl's second amended complaint.    In their Response, however, Defendants assert ¶ 4 of the second amended complaint has effectively been amended by interlineation as follows:

> At all material times, Defendant Brandon Sauer,
> was:  acting in his individual capacity
> unaffiliated with any other person or entity; was
> acting in his individual capacity doing a favor
> for his father who is a member of Defendant
> FAIRWAY PROPERTIES, LLC; and/or was acting in his
> employment capacity, representative capacity
> and/or agency capacity or H & H PREFERRED REAL
> ESTATE, STONECREEK DEVELOPMENT LLC and/or FAIRWAY
> PROPERTIES, LLC.

Resp. at 2.  In ¶ 4 of the second amended complaint, Stahl stated "[a]t all material times [Sauer] was acting in his individual capacity and/or acting in his employment capacity, representative capacity and/or agency capacity for H&H PREFERRED REAL ESTATE and/or STONECREEK DEVELOPMENT, LLC."  Defendants assert the referenced amendment by interlineation "creates a genuine dispute of material fact" as to whether Sauer "was acting in a business activity, or merely was running a 'personal errand.'"  Resp. at 3.

In its Reply Plaintiff asserts the second amended complaint has not been amended by interlineation and, even if it has been amended, the amendment does not create a genuine dispute of material fact.

### A.   The second amended complaint in the underlying action has not been amended.

To support their assertion that the second amended complaint has been amended, Defendants rely on an email from Stahl's attorney, Randall J. Wolfe, addressed to the three defense counsel in the underlying action in which Wolfe states:

> I would like to amend our Second Amended Complaint
> by INTERLINEATION regarding an allegation related
> to Mr. Sauer.  Specifically, I would like to amend
> paragraph 4 to read as indicated below.  Please
> advise if you have any objections to the same.  If
> no one has an objection, the Second Amended
> Complaint will be considered amended.

Resp., Ex. 1 at 1.

The record reflects only two of the three defense counsel responded to Wolfe's email.  Oregon Rule of Civil Procedure 23 provides a complaint "may be amended by a party once as a matter of course at any time before a responsive pleading is served. . . .  Otherwise a party may amend the pleading only by leave of court or by written consent of the adverse party." Because the record does not reflect Stahl obtained written consent to amend the second amended complaint from all of the adverse parties in the underlying action, Stahl could only amend the second amended complaint by leave of Clackamas County Circuit Court.  The docket in the underlying action, however, does not reflect any motion to amend the second amended complaint was filed or any order issued by the court permitting such an amendment.  Decl. of Brian Hickman, Ex. A at 1-2.  Instead the docket reflects the second amended complaint was filed on February 24, 2014; no further amended complaints were filed; and the underlying action was stayed on September 29, 2014.  Hickman Decl., Ex. A. at 1-2.  In addition, at oral argument defense counsel confirmed there had not been any formal, filed amendment

8 - OPINION AND ORDER

to the second amended complaint in the underlying action.

The Court notes Defendants did not offer any authority at oral argument for the proposition that the Court can look to a proposed amendment to a complaint in the underlying matter when evaluating a liability insurer's duty to defend in such an action.

The Court, therefore, concludes on this record that the second amended complaint in the underlying action has not been amended and the evaluation of Plaintiff's duty to defend depends upon the "four corners" of Stahl's last-filed complaint.

**B.   Even if the second amended complaint had been amended, it would not establish a genuine issue as to Plaintiff's duty to defend.**

Plaintiff asserts even if the second amended complaint had been amended as asserted by Defendants, the amendment does not establish a genuine issue as to Plaintiff's duty to defend because the alleged amendment "touches [only] upon the capacity in which Defendant Sauer was allegedly acting; it does not address the purpose of Mr. Sauer's conduct."  Reply at 3 (emphasis in original).  The Court agrees.

As noted, the business-pursuits exclusion relieves Plaintiff from its otherwise-existing duty to defend for "bodily injury or property damage arising out of business pursuits of any insured."  Sauer alleges in ¶ 7 of the second amended complaint that Stahl was at the Milwaukie Investment Property "at [Sauer's]

9 - OPINION AND ORDER

invitation, and *for [Sauer's] business purpose*" in that Stahl's
family was a potential purchaser of the Milwaukie Investment
Property.  The alleged amendment does not modify ¶ 7 of the
second amended complaint and, therefore, does not alter Sauer's
allegations that Stahl and Sauer were on the property for Sauer's
business purpose.  The alleged amendment addresses only the
capacity in which Sauer was acting rather than his purpose in
being at the property.  The business-pursuits exclusion by its
plain language excludes coverage if the conduct was undertaken as
part of a business pursuit or purpose.  As noted, Sauer alleges
in the second amended complaint that he was on the property for
business purposes.  Thus, at best the alleged amendment might
establish a dispute exists as to whether Sauer was acting in an
individual capacity or on behalf of a company or another entity
but that potential issue is not relevant to the duty-to-defend
analysis.

On this record the Court concludes even if the second
amended complaint was amended as alleged by Defendants, the
alleged amendment does not establish a genuine issue as to
whether the business-pursuits exclusion establishes Plaintiff
does not have a duty to defend in the underlying action.

Accordingly, the Court grants Plaintiff's Motion for
Partial Summary Judgment, declares Plaintiff is not obligated to
defend Sauer in the underlying action, and declares Plaintiff may

withdraw from the defense of Sauer in the underlying action.

## IV.    Case Management Schedule

At oral argument the parties advised the Court that proceedings in the underlying matter may lead to resolution of this matter.   The parties requested the Court suspend the current case management deadlines for 90 days to avoid potentially unnecessary further litigation of this matter.   The Court agrees with the parties' proposal and, therefore, **STRIKES** all current case management deadlines in this matter.   The Court **DIRECTS** the parties to file a joint status report **no later than May 6, 2015,** advising the Court of the status of the underlying matter and, if the claims in this action have not been resolved by that date, to include in their report a jointly proposed case management schedule to resolve this matter.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's Motion (#11) for Partial Summary Judgment, **DECLARES** Plaintiff is not obligated to defend Brandon Sauer in the underlying action, and **DECLARES** Plaintiff may withdraw from the defense of Sauer in the underlying action.

The Court **STRIKES** the current case management deadlines in this matter and **DIRECTS** the parties to file a joint status report **no later than May 6, 2015,** advising the Court of the status of

11 - OPINION AND ORDER

the underlying matter and, if the claims in this action have not been resolved by that date, to include in their report a jointly proposed case management schedule to resolve this matter.

IT IS SO ORDERED.

DATED this 6th day of February, 2015.

_____
ANNA J. BROWN
United States District Judge

12 - OPINION AND ORDER